ROGER LUCIANO, Respondent, v. JOHN MORGAN, INC., Appellant.— Action to recover damages for personal injuries. Defendant appeals from a judgment in favor of plaintiff, entered upon a jury verdict. Judgment reversed on the law and new trial granted, with costs to appellant to abide the event. In our opinion the proofs in this record, considered in the light most favorable to plaintiff, show no right of recovery in plaintiff. A new trial, however, is granted in the interest of justice. Plaintiff sustained injury to his eye through the explosion of a bottle of ginger ale when plaintiff immersed it in ice cold water at the soft drink stand where he was employed. The defendant was the bottler of the ginger ale. His duty, however, was akin to that of the manufacturer presented in *Smith* v. *Peerless Glass Co.* (259 N. Y. 292); and defendant was not entitled to rely in some measure, as was one Minck in the case cited, upon the tests of the manufacturer; for the defendant, unlike Minck, did not obtain all its bottles from a manufacturer but purchased used bottles, irrespective of the maker, from the New York Bottle Exchange. Defendant, purchasing thus indiscriminately, was required to make tests similar to those which would be made customarily by a manufacturer, before putting such bottles on the market. From this record it is not inferable that such tests were omitted by the defendant. Close, P. J., Hagarty, Adel, Taylor and Lewis, JJ., concur.

LOUISE M. MILLER, Respondent, v. LESLIE W. MILLER, Appellant.— Appeal by defendant from an order denying his motion to reduce alimony required to be paid under a prior separation decree. Order, insofar as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL NUZZO, Appellant.— Defendant appeals from a judgment convicting him of the crimes of grand larceny in the first and second degree, petit larceny, and forgery in the third degree, and from various intermediate orders. Judgment of conviction and orders denying motion for new trial, denying motion in arrest of judgment, overruling demurrer, consolidating indictments, denying adjournment, and denying motion to dismiss the indictments and to take testimony on alleged constitutional questions, unanimously affirmed. (Code Crim. Pro. § 542.) Present — Close, P. J., Hagarty, Carswell, Adel and Taylor, JJ.